IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES KINNEY, | ) | CASE NO. 1:13 CV 1935 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| THOMAS P. SLAWINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Delores Kinney filed the above captioned action against Dr. Thomas P. Slawinski. In the complaint, plaintiff alleges defendant violated her civil rights and discriminated against her on the basis of her race and gender. (ECF #1). She seeks monetary relief. Plaintiff also filed a Motion to Proceed *in forma pauperis*. (ECF #2). That motion is GRANTED, and for the reasons below, this case is DISMISSED pursuant to 28 U.S.C. § 1915(e).

Background

Plaintiff's complaint alleges she sought emergency medical care at Euclid General Hospital in January 2012 and was referred to defendant for the treatment of hemorrhoids and an anal fissure. From March 9, 2012 through August 16, 2012, plaintiff saw defendant eight times and was told that her condition was improving. Plaintiff alleges, however, that her condition actually worsened. When defendant later recommended an operation, plaintiff sought a second opinion from Metro Health System. On or about October 10, 2012, medical personnel at Metro Health System diagnosed plaintiff with anal cancer. The complaint alleges defendant failed to order necessary

medical testing, which would have revealed this condition sooner.  She alleges defendant's failure to diagnose and treat her cancer was based on her race (Black) and/or her gender in violation of 42 U.S.C. § 2000e ("Title VII") and violated her civil rights under 42 U.S.C. § 1983.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Before reaching the merits of a case, federal courts are obliged to ensure they enjoy subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted). A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *See Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999); *see e.g.* Fed. R. Civ. P. 12(h)(3) (providing that district court "must dismiss the action" whenever "the court determines at any time that it lacks subject matter jurisdiction").

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as plaintiff alleges that both she and defendant are residents of Ohio. *See* 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, *i.e.* where no plaintiff is the citizen of the same state as any defendant). Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question.

In "determin[ing] whether [a] claim arises under federal law," the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" that defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc) (internal quotation marks omitted). Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit

of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even so, however, plaintiff has failed to properly identify a federal question in this case.

Plaintiff states generally that defendant violated her civil rights under § 1983. In order to state a claim under § 1983, plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–57 (1978). The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, No. 1:07 CV 3684, 2008 WL 397588, at *3 (N.D. Ohio Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Here, defendant is a private party, and there are no allegations reasonably suggesting he acted under color of state law. Therefore, § 1983 is not applicable and plaintiff's claims thereunder are dismissed as a matter of law pursuant to § 1915(e).

Plaintiff also alleges defendant's conducted violated her rights under Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). There is nothing in the complaint indicating the existence of an employment relationship between the parties, nor are there any allegations that relate to any form of discrimination in the employment context. Accordingly, plaintiff's Title VII claim is also dismissed as a matter of law pursuant to § 1915(e).[1]

---

[1] To the extent plaintiff intended to assert a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, which prohibits "discrimination or segregation" in "any place of public (continued...)

Finally, the Court cannot properly assume subject matter jurisdiction over that portion of plaintiff's complaint that can be construed as a state law claim for medical malpractice after concluding that there is no federal claim for relief. *See, e.g., Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

### Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to proceed <u>in forma pauperis</u> is GRANTED and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e), without prejudice to any valid state law claims plaintiff may have against defendant under the facts alleged. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2013

---

[1](...continued)
accommodation," her claim fails because she has not alleged that defendant was part of a public accommodation or that she was denied access to that public accommodation. Further, plaintiff fails to sufficiently plead discrimination. Beyond plaintiff's conclusory allegation that defendant discriminated against her, she does not allege any facts that would "nudge[] her claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Moreover, damages are not available for violations of § 2000a *et seq. Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400 (1968); *James v. City of Livonia*, 985 F.2d 560 (6th Cir. 1993). The sole private remedy is an injunction under 42 U.S.C. § 2000a-3. Plaintiff complains only of instances of past conduct, which appear incredibly unlikely to occur again. Therefore, an injunction would be inappropriate, and plaintiff cannot state a claim under these sections. *See Krain v. Kahn*, 983 F.2d 1076 (9th Cir. 1992). Accordingly, insofar as plaintiff's claim is brought under Title II, it is dismissed.

[2] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith."